**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JO ANNA CANZONERI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 08-CV-312-TCK-PJC ) |
| GEORGE W. BUSH, et al., | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3); Plaintiff's Second Motion for Leave to Proceed In Forma Pauperis (Doc. 8); Plaintiff's "Notice of Appeal," which the Court construed as a Motion to Set Aside (Doc. 9); and Plaintiff's Motion to Stay (Doc. 5). Plaintiff Jo Anna Canzoneri is appearing pro se and has asserted claims for breach of contract, negligence, intentional tort, and fraud against twenty-one Defendants.[1] For the reasons explained below, the Court finds Plaintiff's case should be dismissed sua sponte. Therefore, the motions pending before the Court are moot.

**I.      Standard for *Sua Sponte* Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* In order to prevent

---

[1] Plaintiff has recently filed identical or nearly identical claims in at least seven other federal courts. *See Canzoneri v. Bush, et al.*, No. 08-CV-469, 2008 WL 2323902, at *1 n.1 (E.D. Wisc. June 4, 2008) (listing several federal actions filed in late May or early June of 2008, all of which assert identical or nearly identical claims).

such abusive or captious litigation, the statute authorizes federal courts to *sua sponte* dismiss a case filed in forma pauperis if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (describing § 1915(e)(2) as a "screening procedure" for dismissing IFP claims that are frivolous, that fail to state a claim, that seek monetary relief from immune defendants, or that rest on false allegations of poverty). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.[2]

A complaint is considered "frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if "it lacks an arguable basis either in law or in fact." *Id.* at 325. This standard "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*; *see also id.* at 327 ("[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). Examples of legally frivolous claims are "claims of a legal interest which clearly does not exist," and examples of factually frivolous claims are "claims describing fantastic or delusional scenarios." *Id.* at 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

---

[2] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has recently cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Id.*

**II.     Plaintiff's Complaint is "Frivolous" Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)**

In her Complaint, Plaintiff Jo Anna Canzoneri asserts claims for breach of contract, negligence, intentional tort, and fraud against over twenty Defendants, many of which are federal agencies. Plaintiff's Complaint does not set forth any specific facts in support of her claims. Although the Complaint contains the date of May 1, 2004, the Complaint does not set forth what occurred on that date. Thus, the Complaint itself provides no factual basis for Plaintiff's legal claims.

Attached to Plaintiff's Complaint are certain exhibits, most of which appear to have been drafted and typed by Plaintiff herself. (*See, e.g.*, Compl. at Exhibit A.) These exhibits provide a few clues as to the factual basis for Plaintiff's claims. For example, Exhibit A provides:

> On or about May 01, 2004, June 01, 2004, June 15, 2004, July 10, 2004, and amended letter on August 15, 2004[,] I (Jo Anna Canzoneri) personally faxed and mailed certificied [sic] letters with the buyer execlusive [sic] agreements, sales contracts, a pre-approved sales contracts for a bulk sale with a request for postponement of the foreclosure or trustee sale. I personally included a money order good faith money, federal grant application, federal cash transaction application, complete loan application, complete loan package, credit reports 562 and the Approved American Dream Downpayment [sic] Documents[.] On or about June 01, 2004[,] I (Jo Anna Canzoneri) personally applied and approved for the gift from George Bush President of the United States of America on the American Dream Downpayment Act[.]

Handwritten on Exhibit A are the words "Lender Foreclosured [sic] on all the real estate properties[.] Buyer was and lost all real estate property and owner/seller lost money[.] Request courts to reverse Foreclosure Sales." Exhibit C is a list of over twenty specific properties, including

Heartland Health Care Center of Bethany ("Heartland"), which is located in Bethany, Oklahoma.[3] Handwritten on Exhibit C are the words "I am claiming ownership federal grant (free money). Federal Grant for Businesses, real estate property and Home Improvements (10 million dollars of home improvements)." Exhibit E is a letter from Dexter Sidney ("Sidney"), of the Field Policy and Management Division of the U.S. Department of Housing and Urban Development ("HUD"), wherein Sidney stated that he received correspondence from Plaintiff regarding her interest in "purchasing Bulk Sale Properties" and referred her to an individual in the Multifamily Housing division of HUD. Exhibit F is a "Property at a Glance" form that references Heartland. Taken together, these exhibits seem to indicate that Plaintiff expected to receive federal funding to purchase over twenty commercial properties and to make improvements to such properties in the amount of $10 million, but was deprived of the benefit of such funding. Even considering the exhibits, it is difficult if not impossible to discern the alleged involvement of the numerous Defendants sued.

The Court finds that this action is a "frivolous" case warranting *sua sponte* dismissal. The Complaint itself is wholly void of *any* factual basis supporting the legal claims of breach of contract, negligence, intentional tort, or fraud against the twenty-one Defendants named. In addition, the Court carefully reviewed all exhibits to the Complaint, which provide some insight into Plaintiff's claims. Construed in their most favorable light, and assuming the exhibits attached to the Complaint should be considered factual allegations, Plaintiff's allegations are that Defendants committed breach of contract, negligence, and "intentional tort" by failing to provide her with funds to purchase certain properties and committed the tort of fraud by misleading her in some manner regarding these

---

[3] Plaintiff appears to have filed, or attempted to file, her lawsuits in federal jurisdictions where certain of these properties are located. However, Bethany, Oklahoma is located in the Western District of Oklahoma rather than the Northern District of Oklahoma.

properties or these funds. The Court finds that Plaintiif's allegations that Defendants were obligated to pay Plaintiff these tremendous sums of money for the purchase or refurbishing of numerous commercial properties, and/or acted tortiously in failing to do so, rise to the level of irrational or wholly incredible allegations. In this Court's view, Plaintiff's Complaint represents a fantastic factual scenario wherein the federal government failed to pay her millions of dollars to assist her in making certain real estate transactions.

In addition, there are judicially noticeable facts that contradict Plaintiff's claims. The federal statute referenced by in Exhibit A, the American Dream Downpayment Initiative ("ADDI"), "was created to assist low-income first-time homebuyers in purchasing single-family homes by providing funds for downpayment, closing costs, and rehabilitation carried out in conjunction with the assisted home purchase." *See* http://www.hud.gov/offices/cpd/affordablehousing/programs/home/addi/ (providing summary and purpose of ADDI). By statute, "grants awarded under [ADDI] may be used only for downpayment assistance toward the purchase of single family housing . . . by low-income families who are first-time home-buyers." 42 U.S.C. § 12821(c)(1)(A). In addition, a limited percentage of such money may be used by the home buyer for home repairs. *Id.* at § 12821(c)(1)(B). However, the statute provides that the amount of ADDI assistance provided may not exceed $10,000 or six percent of the purchase price of the home. *Id.* at § 12821(c)(2)(A). Thus, Plaintiff's allegations that she was entitled to receive amounts or that she was misled into believing she was entitled to receive amounts pursuant to the ADDI (1) for the purchase of over twenty commercial properties, or (2) for the purpose of making $10 million in repairs to such properties are wholly irrational and outside the scope of the federal scheme. Such allegations constitute a fantastic or delusional scenario that warrant *sua sponte* dismissal. Other district courts addressing Plaintiff's claims are in accord. *See Canzoneri v. Bush, et al.*, No. 08-CV-469, 2008 WL 2323902 (E.D. Wisc.

June 4, 2008) (dismissing Plaintiff's Complaint because her allegations are "irrational" and "wholly incredible"); *Canzoneri v. Bush, et al.*, No. 4:08cv751, 2008 WL 2373810 (E.D. Mo. 2008) (adopting reasoning of dismissal order in *Canzoneri v. Bush, et al.*, No. 08-CV-469 (E.D. Wisc. 2008)).[4]

For the reasons set forth above, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Motion for Leave to Proceed in Forma Pauperis and Plaintiff's Second Motion for Leave to Proceed In Forma Pauperis (Docs. 3 and 8) are DENIED; Plaintiff's "Notice of Appeal," which the Court construed as a Motion to Set Aside (Doc. 9) is DENIED AS MOOT; and Plaintiff's Motion to Stay (Doc. 5) is DENIED AS MOOT.

**ORDERED THIS 28th DAY OF July, 2008.**

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[4] As previously noted, Heartland is located in Bethany, Oklahoma, which falls under the jurisdiction of the United States District Court for the Western District of Oklahoma. Therefore, there are potential venue problems in this district. *Cf. Canzoneri v. Bush, et al.*, No. 08-CV-469, 2008 WL 2323902 (E.D. Wisc. June 4, 2008) ("Even giving the plaintiff's complaint a generous interpretation, it is readily apparent that there is no rational basis for the complaint to have been filed in this judicial district.").